## Stevens *v.* Argosy Building and Loan Association, Appellant.

Argued October 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Clarence E. Blackburn,* for appellant.

*James T. Carey,* for appellee.

PER CURIAM, March 4, 1938:

This action in assumpsit, by agreement of the parties, was heard by a judge of the Municipal Court without a jury. It was brought to recover one thousand dollars, which, it was averred, the plaintiff, pursuant to defendant's request, had lent the defendant association, payable on demand, with interest at 5.95 per cent per annum. The plaintiff averred that as collateral security for the loan, the defendant association had issued to him a certificate for five shares of full paid stock, on the back of which there was printed a nota-

tion that the holder "in accepting this certificate waives all right to participate in the earnings of the said Association except to the extent of 5.95%".

The defendant contended on the trial that the transaction was not a loan but a purchase of full paid stock; but the affidavit of defense admitted the averments in plaintiff's statement that "the defendant association, being in need of funds to carry on its business, through its proper officers duly thereunto authorized, requested plaintiff to advance and loan to it the sum of One thousand dollars", and that "by the terms of the agreement entered into between plaintiff and defendant, the said loan was to bear interest at the rate of 5.95% per annum, and specifically was to be payable on demand by the plaintiff"; and these admissions were offered and received in evidence.

The trial judge found for the plaintiff. There was evidence to sustain the plaintiff's averments and support the finding of the judge. The course of dealing between the parties tended to confirm the plaintiff's claim, and the admissions in the affidavit of defense supported it.

The finding of the trial judge, sitting without a jury, when supported by the evidence, is as conclusive as the verdict of a jury.

Judgment affirmed.